[No. 12727.   In Bank. — December 31, 1888.]

JAMES F. McDONALD, RESPONDENT, v. SUPREME COUNCIL OF THE ORDER OF CHOSEN FRIENDS, APPELLANT

MUTUAL BENEFIT ASSOCIATION — FORFEITURE FOR NON-PAYMENT OF ASSESSMENTS — WAIVER BY ACCEPTANCE OF SUMS DUE AFTER KNOWLEDGE OF FORFEITURE.— The acceptance by a mutual benefit association of assessments after knowledge of a forfeiture by reason of non-payment thereof within the required time operates as a waiver of the forfeiture, in the absence of convention of the parties to the contrary.

ID. — CONVENTION OF THE PARTIES — CONSTITUTION AND BY-LAWS MUST CONTROL. — The rights of the parties must be governed by the constitution and by-laws of the association.   If these documents impose other conditions of reinstatement after forfeiture or suspension for non-payment of sums due beside the payment thereof, such conditions must be complied with.   But the rights of the members are not affected by the mere assertions of the officers, or by what they may choose to put upon assessment notices.

ID. — INSTANCE CONSTRUCTION OF CONSTITUTION AND BY-LAWS — SUSPENSION OR FORFEITURE — ADJUDICATION BY COUNCIL. — Under the constitution and by-laws shown by the record, the provisions for a re-election and a new medical certificate of a member whose assessments have remained unpaid for a certain time do not apply unless there has been an adjudication of the suspension by the council.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing a new trial.

LXXVIII. CAL.—4

The facts are stated in the opinion.

*A. B. Hunt,* for Appellant.

The members of a society such as the appellant is shown to be are conclusively presumed to know its charter and laws, to contract with reference to them, and are bound by them, though they may not be recited or referred to in the beneficiary certificate; they are bound to take notice of them at their peril. (Bliss on Life Insurance, sec. 426; May on Life Insurance, sec. 552; *Oseola Tribe. No. 11, Independent Order of Red Men* v. *Schmidt,* 57 Md. 106; *Treadway* v. *Hamilton Mutual Ins. Co.,* 29 Conn. 69; *Mitchell* v. *Lycoming Mutual Ins. Co.,* 51 Pa. St. 411; *Mutual Fire Ins. Co. of Cecil Co.* v. *Miller Lodge Independent Order of Odd Fellows,* 58 Md. 463; *Supreme Commandery Knights Golden Rule* v. *Ainsworth,* 71 Ala. 443, 444; 46 Am. Rep. 332; *Borgraefe* v. *Knights of Honor,* 22 Mo. App. 140; *Simeral* v. *Dubuque Mutual Fire Ins. Co.,* 18 Iowa, 322; *Coles* v. *Iowa State Mutual Ins. Co.,* 18 Iowa, 431.)    The deceased ceased to be a member of the appellant, and forfeited all rights secured by his beneficiary certificate, on his failure to pay assessment 99 on the 30th of October, 1886. (*Madeira* v. *Merchants' Ex. Ben. Soc.,* 5 McCrary, 258; *McMurry* v. *Supreme Lodge Knights of Honor,* 20 Fed. Rep. 107; *Knights Golden Rule* v. *Ainsworth,* 71 Ala. 436; 46 Am. Rep. 332; *Union Mutual Life Ins. Co.* v. *McMillen,* 24 Ohio St. 67; *Yoe* v. *Masonic Ben. Ass.,* 63 Md. 86; *Hogins* v. *Supreme Council of Champions of Red Cross,* 76 Cal. 109; *Benevolent Society* v. *Baldwin,* 86 Ill. 479.) The condition that a member who had been delinquent for more than thirty days must, in addition to the payment of all dues and assessments to the secretary of the subordinate council, present a medical examiner's certificate, and be balloted for and elected in the council as prescribed in section 4, article 7, was a valid one, and was an essential feature of the contract, and one which

the appellant had a right to insist on for its protection, and the mere fact that the secretary received assessment 99 would avail McDonald nothing. (*National Mutual Aid Society* v. *Lupold*, 101 Pa. St. 111; *Hogins* v. *Supreme Council of Champions of the Red Cross*, 76 Cal. 109; *Borgraefe* v. *Knights of Honor*, 22 Mo. App. 127.)    The doctrine of waiver does not apply to memberships in these orders. (*Borgraefe* v. *Knights of Honor*, 22 Mo. App. 142.)

*J. E. Jarrett*, and *W. W. Foote*, for Respondent.

The appellant, having collected subsequent assessments from the deceased, is estopped to claim a forfeiture. (*Rowswell* v. *Equitable Aid Union*, 15 Rep. 5; *Wise* v. *Williams*, 72 Cal. 546.)    The mere non-payment of the assessment did not of itself operate as a suspension. (*Pulford* v. *Fire Department of Detroit*, 31 Mich. 458; *Scheu* v. *Grand Lodge*, 17 Fed. Rep. 214; Hirschl's Law of Fraternities, 67.)    If any forfeiture occurred by reason of the non-payment of the assessment in time, it was waived by the receipt of subsequent assessments. (*Billoc* v. *Davis*, 38 Cal. 249; *Walsh* v. *Ætna Life Ins. Co.*, 30 Iowa, 133; 6 Am. Rep. 664; *Steele* v. *Branch*, 40 Cal. 3; *Keller* v. *Lewis*, 53 Cal. 118.)

Hayne, C. — Action by the assignee of the heir of a member of a mutual benefit association to recover a sum of money claimed to be due upon the death of such member.    The defense is, that the deceased failed to pay assessment No. 99 within the time required by the rules of the association, and that by reason of such non-payment he stood "suspended" at the time of his death. The consequences of a suspension for over thirty days and less than three months are declared to be, that the member "shall stand so suspended until all arrearages and fines shall have been paid *to the secretary*, and all other laws governing reinstatements have been complied with."

The requirements of the "other laws" referred to are, that a new certificate from the medical officer shall be obtained, and a re-election had by a four-fifths vote. The facts are as follows: Assessment No. 99 was levied on September 30, 1886, upon all the members, including the deceased, who was then in "good standing." This assessment became delinquent at the expiration of thirty days; and the deceased, having failed to pay in time, was marked "delinquent" by the secretary; but no action as to a suspension was taken by the council. Another assessment (No. 100) was levied upon all the members, including the deceased, on October 21, 1886, and became delinquent on the 20th of the following month. These two assessments were paid by the deceased to the secretary on December 14, 1886, and were by him entered on the minutes of the next meeting of council, which was on December 18, 1886. Another assessment (No. 101) was levied on November 15, 1886, and another (No. 102) on December 18th of the same year. The death occurred on December 31, 1886, and on the next day the father of the deceased paid the amounts due on the last two assessments to the treasurer, and the secretary receipted for the money, saying that he would refer the matter to his superior officers. Afterward all the money which had been received on the above four assessments was tendered back by the association. The "dues" appear to have been paid up to January 1, 1887, no question being raised as to them. No new medical certificate was obtained by the deceased, and he was not re-elected as provided by the provision above referred to. The court below gave judgment for the plaintiff, and the association appeals.

We have no doubt that the secretary was authorized to accept the amount of the assessments paid on December 14th, notwithstanding the delinquency. The "subordinate constitution" provides that "the secretary shall . . . . receive all money due this council." And the

provision of the relief laws first above quoted is that there shall be no reinstatement until all arrearages have been paid " to the secretary." And the secretary having received the amount for which the deceased was delinquent, and entered it on the minutes of the next meeting of the council, as above stated, we think that it must be held that there was an acceptance by the association. Now, if the laws governing the association had not imposed other conditions of reinstatement beside the payment of the money due,—that is to say, if such laws had not required a new medical certificate and a re-election, —we think it clear that an acceptance by the association of the sum due would be a waiver of the forfeiture. For it is well settled that a forfeiture for delay in the payment of money may be waived, and that where there is no other condition imposed by convention of the parties, acceptance of the money after knowledge of the forfeiture is such a waiver. The appellant contends that this doctrine does not apply to memberships in associations like the present, and places much reliance upon the case of *Borgraefe* v. *Knights of Honor*, 22 Mo. App. 142. But that decision is not at all in conflict with the rule as we have stated it, for the simple reason that in that case there was no payment of the sums for which the deceased was delinquent, and consequently no acceptance of such sums by the association. The court does, indeed, say that "the doctrine of waiver, which is often appealed to to prevent forfeitures in the case of policies of insurance, has no application to the forfeitures of membership in these orders." But this must be understood as applying to the acts of waiver appearing in the case before the court, which were the continuance of the name of the deceased upon the roll of members, his appointment upon committees, sending him notices of assessments, etc. The constitution expressly provided that non-payment should operate as a suspension, and that there should be no reinstatement without payment of the sums due. And in

view of this provision, it may very well be that the doctrine of waiver would not apply to such a state of facts. And that is all we think the court meant to assert. For the opinion goes on to say: "Nor do we think it would have entitled the plaintiff to recover if Ada Lodge had continued to treat the deceased as a member, *unless Ada Lodge had in fact advanced the delinquent assessment to the supreme lodge,* . . . . and there is no evidence tending to show that this was done." But if the opinion is to be construed as deciding that the doctrine of waiver does not apply *in any case* to societies like the present, we are not prepared to assent to it. If that were so, the society could accept the delinquent payment, and go on accepting payments, and upon the death of the member years afterward, avoid all responsibility by returning the assessments. It is hardly necessary to say that this would not be allowed.

We say, then, that if the laws governing the association had not imposed other conditions of reinstatement beside the payment of the sums for which the deceased was delinquent, the acceptance of said sums by the association would be a waiver of the forfeiture. The argument for the appellant, however, is, that other conditions of reinstatement were imposed, and that a new medical certificate and a re-election were essential. It cannot be doubted that if there was a complete suspension within the meaning of the laws governing the association, a compliance with said conditions was necessary, for such is the plain provision of the laws. The real question is whether he was so suspended. And this depends upon whether the delinquency of itself (or coupled with the report thereof by the secretary) constituted the suspension, or whether a declaration or adjudication thereof by the council was necessary.

This question is not to be disposed of by the mere assertion of the secretary, or by what was put upon the assessment notice, but must be determined by the pro-

visions of the constitution and laws of the association. In this regard there are several matters relied upon by the learned counsel for the appellant which in our opinion do not touch the question. Thus the written application of the deceased for membership, and section 4 of the subordinate constitution, are irrelevant, because they relate merely to *the consequences* of the suspension, but do not say what shall constitute it. So the provision to be found at folio 145–146 of the transcript does not affect the question. That provision is, that "it shall be the duty of members to ascertain the amount of their dues and assessments, by personal application to the secretary, and this council shall not excuse members, or pay or cause to be paid to them any benefits *which they may have forfeited* by non-payment because of a failure on the part of the secretary to give them written or other notice." This provision relates to the effect of the want of notice. The phrase "which they *may have* forfeited by non-payment" is merely the recital of matter descriptive of the benefits referred to. It certainly does not amount to a provision as to what shall constitute a "suspension."

The provisions which affect the question, so far as shown by the record before us, are section 2 of article 4 of the by-laws of the Vallejo council, and section 5 of article 3 of the relief laws of the supreme council. The former is, that "any member failing to pay an assessment within thirty days from the date of the recorder's notice shall be suspended by the council at its first meeting thereafter." If this were the only provision, it would seem clear that some action by the council was necessary. But the other provision is as follows: "Each member shall pay the amount due to the secretary within thirty days from the date of such notice, and *any member failing to pay such assessment within thirty days shall forfeit all rights and claims to benefits* under the relief fund laws, and shall be reported suspended from

the beneficiary membership by the secretary in his report to the supreme treasurer.  At the first regular meeting of the council after an assessment has become delinquent the secretary shall furnish to the councilor (council?) a list of all the members that have become delinquent, and shall enter their names in the minutes of the meeting, but a failure to *do so* shall not affect the suspension of the member.  The councilor (council?) *shall declare that all such members have been suspended,* and they shall stand *so suspended* until all arrearages have been paid to the secretary, and all laws governing reinstatements have been fully complied with."

The provision is somewhat confused.  There is first a clause that a member failing to pay for thirty days "shall forfeit" his rights.  There is then a clause that the secretary shall report him to the treasurer as "suspended from the beneficiary membership"; then that the secretary shall furnish to the council a list of the names of the delinquents, and enter such names upon the minutes of the meeting (a failure to do which, however, is not to affect the suspension); and finally, that the council shall declare the delinquent member suspended, and that he shall stand "so suspended" until certain conditions have been complied with.  All this is sufficiently obscure.  If the non-payment alone, or coupled with the report of the secretary, is to constitute the suspension, what was the use of a declaration or adjudication by the council?  This may be pertinently asked.  And it may be plausibly argued that "a condition involving a forfeiture must be strictly interpreted against the party for whose benefit it is created" (Civ. Code, sec. 1442; *Medical Society* v. *Weatherly,* 75 Ala. 248); and consequently that doubts and ambiguities must be resolved in favor of the plaintiff; and that reading the clauses together, the declaration by the council is essential to the completion of the process of suspension.  On the other hand, it may be argued with equal

plausibility that the payment of a sum of money to the nominee of a member at his death is not the only benefit to which he is entitled; that in addition to this, the objects of the association are "to improve the condition of its membership morally, socially, and materially, by timely counsel and instructive lessons, by encouragement in business, and by assistance to obtain employment when in need"; and that, inasmuch as all parts of the provision are to be given effect, if it can reasonably be done, the clause as to forfeiture by non-payment, and report of suspension by the secretary, is to be confined to the right of pecuniary relief (or, in the language of the provision, to the "beneficiary membership"); and that the clause as to a declaration by the council applies to a suspension from all the privileges of membership.

We do not find it necessary to express an opinion as to the relative merit of these somewhat nicely balanced arguments. The most favorable view for the appellant is the latter; and for the purposes of this opinion, we shall assume that such is the proper construction of the provision. But in this view it is clear that the conditions of reinstatement prescribed by the provision, viz., a new medical certificate, and a re-election by a four-fifths vote, apply only to a suspension by the council from all the privileges of membership, and not to a suspension from the "beneficiary membership" arising from delinquency and a report by the secretary. Said conditions are placed after the clause as to a suspension by the council; and it is only when the member is "so suspended" that they apply. Leaving out these conditions, the only difficulty in the way of the plaintiff's recovery was the forfeiture for non-payment. And this, we have seen, was waived by the acceptance of the sums due.

We do not consider the cases cited by the learned counsel for the appellant as in conflict with the conclusion we have reached. It is unnecessary to examine the other positions taken by the respondent.

We therefore advise that the order denying a new trial be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.