DENNIS DANIHER, RESPONDENT, *v.* THE GRAND
LODGE ANCIENT ORDER OF UNITED WORK-
MEN, JURISDICTION OF NEVADA, AND OTHERS, AP-
PELLANTS.[1]

1. VOLUNTARY ASSOCIATIONS.—BENEFICIARY CERTIFICATE.—MUTUAL
LIFE INSURANCE.—An unincorporated association having the
characteristics of a fraternal and benevolent organization
required, as a condition of membership, a physician's certifi-
cate of good health. On admission, each member receives a
certificate entitling his beneficiary to $2,000 on his death.
Each member, in order to keep his certificate in force, was
required to pay dues at stated times and also an assessment
of $1 on each death among the members for a beneficiary
fund maintained to pay death losses. *Held,* that the associa-
tion was in effect a mutual life insurance company and the
certificate an insurance contract.

2. ID.—CONSTITUTION AND BY-LAWS.—DUES AND ASSESSMENTS.—
WAIVER OF FORFEITURE.—Where the constitution and by-laws
of an unincorporated association organized for fraternal,
benevolent, and beneficiary purposes provide that non-payment
of dues and assessments forfeit the membership, and that a
member in default may be reinstated on payment of his
arrears, an association which has accepted and retained
assessments paid by a member with full knowledge of the
fact that he is in default, and which has taken no action to
effect a legal suspension, under the by-laws, waives a forfeiture.

3. ID.—ID.—BOARD OF ARBITRATION.—REVOCABLE AGREEMENT.—
RESORT TO COURTS.—CONDITION PRECEDENT.—Where the con-
stitution and by-laws of an unincorporated association provide
for the payment of a fixed sum on the death of each member
and create a board of arbitration to whom all claims against
the association shall be submitted, and whose decision shall be
final, *held,* that such provisions constitute merely a revocable
agreement to arbitrate, and do not preclude resort to the

---

[1] Petition for rehearing denied June 25, 1894.

courts, nor is such a submission to arbitration a condition precedent to the bringing of an action.

4. ID.—WAIVER OF PROOF OF DEATH.—The officers of a subordinate division of an unincorporated association, upon application to them for a death report, refused to give it and disclaimed all liability under the beneficiary certificate and refused payment, *held* that proof of death was waived.

(No. 380.    Decided June 4, 1894.    37 P. R. 245.)

APPEAL from the district court of the fourth judicial district, Hon. James A. Miner, *Judge.*

Action by Dennis Daniher against the Grand Lodge Ancient Order of United Workmen, Jurisdiction of Nevada, and all individual members of all lodges within said jurisdiction subordinate to and under the control of said Grand Lodge A. O. U. W. of Nevada, including D. Thorburn and N. M. Ruick. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Mr. N. M. Ruick, Mr. J. W. Kinsley* and *Mr. J. H. MacMillan,* for appellants.

The case was tried upon an agreed statement of facts without qualification, which has the force and effect of a special verdict and no judgment should be pronounced inconsistent therewith. 1 Green. Ev. 186, 205; *Gillett* v. *Detroit,* 9 N. W. R. 428; *Hartman* v. *Smith,* 14 P. R. 648; *Van Horn* v. *R. R.,* 28 N. W. R. 547; *Hess* v. *Bolinger,* 38 Cal. 352. Courts will only review the acts of an unincorporated society to the extent of seeing that they obey their own laws. *Canfield* v. *Maccabees,* 49 N. W. R. 875; *Van Pouch* v. *The Society,* 29 N. W. R. 865; *Woolsey* v. *I. O. O. F.,* 16 N. W. R. 576; *Rood* v. *Rwy. Pas. Ass'n,* 31 Fed. R. 62; *Chosen* v. *Forsinger,* 25 N. E. R. 130; *Laford* v. *Deen,* 81 N. Y. 515; *Davis* v. *Life Ass'n,* 11 Fed. R. 781; *Supreme Council* v. *Curd,* 111 Ill. 284;

*Mederia* v. *Merchants' Ex. Mut. Ben. Soc.,* 16 Fed. R. 749; *Hockshaw* v. *Supreme Lodge,* 29 Fed. R. 770; *Hoffman* v. *Supreme Council,* 35 Fed. R. 252; *Borgrave* v. *Supreme Lodge,* 22 Mo. Appl. 127; *Benevolent Ass'n* v. *Baldwin,* 86 Ill. 479; *McAlles* v. *Supreme Lodge,* 13 Atlantic Rep. 755. Daniher was suspended by force of the constitution and by-laws without any act of the lodge whatever. He did none of the three things required to restore him. *First*—Payment of the assessments upon which he was suspended. *Second*—Payment of all current assessments. *Third*—Application to the lodge for reinstatement, and an affirmative vote of the lodge reinstating. *Forse* v. *Supreme Lodge,* 41 Mo. App. 114; *Borgrave* v. *Knights of Honor,* 22 Mo. App. 141; *Stewart* v. *Supreme Council,* 36 Mo. App. 319; *Rood* v. *Ry. Pas. Ass'n,* 31 F. R. 62; Bac. Ben. Soc. § 285. Under the case as tried a party cannot claim under a plea of full specific performance, such performance to work a waiver. *Gartside* v. *Conn. Mut. Life Ins. Co.,* 43 Am. Rep. 765; *McCune* v. *Norwich City Gas Co.,* 79 Am. Dec. 278; *Texas Bank* v. *Hutchins,* 37 Am. Rep. 750; *Merchants' Mut. Ins. Co.* v. *LaCroix,* 14 Am. Rep. 370; *Continental Life Ins. Co.* v. *Hauser,* 89 Ind. 258; *Edgerly* v. *Fireman's Ins. Co.,* 43 Ia. 587; *Graham* v. *Phoenix Ins. Co.,* 77 N. Y. 171; *McMurry* v. *Knights of Honor,* 20 Fed. R. 107; *Bogardus* v. *N. Y. Life Ins. Co.,* 101 N. Y. 328; *Preston* v. *Travelers' Ins. Co.,* 58 N. A. 76; *Miller* v. *Hillsborough,* 47 N. J. Law, 393.

*Mr. Mathew Gering* and *Mr. W. R. White,* for respondent.

This entire controversy must be determined upon the proposition as to whether or not there was a contract of insurance between the deceased and the appellants at the time of the death. The lodge had a right to suspend Daniher for the failure to pay the assessments due October

28th, and thereby declare him a non-member, yet the acceptance of assessment due on October 30th was a waiver of the forfeiture, and appellants are estopped from insisting upon such suspension. *Millard* v. *Sup. Council L. of H.,* 22 P. R. 864; *Stylow* v. *O. F. Mut. Ins. Co.,* 34 N. W. R. 152; *Erdmann* v. *Mut. Ins. Co.,* 44 Wis. 376; *Schuvek* v. *Gegenseitiger Soc.,* 44 Wis. 369; *Matt* v. *R. C. Mut. Pro. Soc. of Ia.,* 30 N. W. R. 799; *Rice* v. *New Eng. Mut. Aid Soc.,* 15 N. E. R. 624; *Roswell* v. *Eq. Aid Union,* 13 F. R. 840; *Bloom. Mut. L. B. Ass'n* v. *Blue,* 11 N. E. R. 331; *Tobin* v. *Wes. Mut. Aid Soc.,* 33 N. W. R. 664; *Monson* v. *Gd. L. A. O. U. W.,* 16 N. W. R. 395; *Cotton St. Life Ins. Co.* v. *Lester,* 35 Am. Rep. 122; *Met. S. F. A. Ass'n* v. *Windover,* 27 N. E. R. 538; *U. B. Mut. Aid. Soc.* v. *Schwartz,* 13 Atlantic Rep.; *McDonald* v. *Sup. Coun. O. of C. F.,* 20 Pac. Rep. 41; *Ill. Mas. Ben. Soc.* v. *Baldwin,* 86 Ill. 479; *Hoffman* v. *Supreme Coun. L. of H.,* 35 F. R. 252. The sending to the insured of a notice of assessment, after the right to declare a forfeiture upon a prior assessment had attached is a waiver of the forfeiture. *Mut. Pro. Life Ins. Co.* v. *Laury,* 84 Penn. St. 43; *Elmondorph* v. *Mut. Fire Ins. Co.,* 51 N. W. R. 926; *Elmer* v. *Mut. Ben. Life Ass'n,* 19 N. Y. S. 269; *Farmers' Mut. R. Ass'n* v. *Koontz,* 30 N. E. R. 145. If Daniher withdrew in good standing, as reported, there could not have been a suspension. If he was suspended, appellants are estopped by their conduct in insisting upon a forfeiture. Acceptance by the Grand Lodge of an over-due assessment with knowledge, is not only a ratification but also an express waiver of the right to insist upon forfeiture. *Perine* v. *Gd. L. A. O. U. W.,* 50 N. W. R. 1022; *Met. S. F. A. Ass'n* v. *Windover,* 27 N. E. R. 538.

The November assessments of which deceased had been

8

notified, were not delinquent until the 28th of that month, before which time death occurred, which relieved him from payment. *G. L. Ill. Ind. Mut. Aid* v. *Besterfield,* 37 Ill. App. 522; *Elmer* v. *Mut. Ben. Life Ass'n,* 19 N. Y. S. 269. Daniher did not withdraw by delivering his certificate to an officer of a subordinate lodge which was never acted upon nor accepted by the lodge. *Regent* v. *Williams,* 31 Am. Dec. 104, 105; *The State, ex rel,* v. *Benker,* 56 Mo. 17; *Burling* v. *Willis,* 21 Am. Rep. 338, *The State, ex rel,* v. *Brown,* 22 Ohio St. 615; *Whitney* v. *Nat. Mas. Acc. Ass'n,* 54 N. W. R. 184; *Marten* v. *Mfgr. Acc. Ins. Co.,* 15 N. Y. S. 309; *Schroeder* v. *Far. Mut. Ins. Co.,* 49 N. W. R. 536. Proof of death was waived by disclaiming liability under the contract. Bacon on Ben. Soc. § 413 and cases cited; *Lazensky* v. *Sup. Lodge K. of H.,* 31 Fed. Rep. 592; *Millard* v. *Sup. Coun. L. of H.,* 22 P. R. 864; *Williams* v. *Hartford Ins. Co.,* 54 Cal. 442; *Covenant Mut. Ben. Ass'n* v. *Spies,* 114 Ills. 463; *Knickerbocker Life Ins. Co.* v. *Pend.,* 112 U. S. 696; *Homes Ins. Co.* v. *Balt. W. Co.,* 93 U. S. 546; *Kan. Pro. Union* v. *Whitt,* 14 P. R. 275; Bacon on Mut. Ben. Soc. § 409; *Payn* v. *Mut. Rel. Soc.,* 6 N. P. St. R. 365. By-laws affecting property rights which require submission to arbitration *in futuro,* are void, since it is an usurpation of judicial power and an abridgment of the constitutional right to resort to the courts for the redress of a wrong. Bacon on Ben. Soc. § 123; *Whitney* v. *Nat. Mas. Acc. Ass'n,* 54 N. W. R. 184; *Austin* v. *Searing,* 69 Am. Dec. 665 and notes; *Sutro Tunnel Co.* v. *Segregated Co.,* 7 P. R. 271; *Crossley* v. *Conn. Fire Ins. Co.,* 27 F. R. 30; *Allegre* v. *Md. Ins. Co.,* 14 Am. Dec. 289 and notes; *Bauer* v. *Samp. Lodge,* 102 Ind. 262; *Sub. Coun. C. F.* v. *Garrigan,* 3 N. E. R. 818 and notes; *Bauer* v. *Thompson Lodge K. P.,* 1 N. E. R. 571; *Thompson* v. *Ins. Co.,* 104 U. S. 252; *Gere* v. *Council Bl. Ins. Co.,* 23 N. W.

R. 137; *Nurney* v. *Fire Fund,* 30 N. W. R. 355; *Kinney* v. *Rel. Dept. B. & O.,* 34 Cent. Law J. 134.

BARTCH, J.:

The plaintiff brought this action to recover $2,000, the amount of a beneficiary certificate issued by the defendants to Jerry T. Daniher, who designated the plaintiff, his father, as his beneficiary, to whom payment should be made after his death. Jerry T. Daniher died November 18, 1888, and thereafter demand was made and payment refused. Upon the trial of the cause the court entered judgment in favor of the plaintiff, and thereupon the defendants appealed.

The first material question to be determined is whether there existed, between the deceased and the appellants, a contract of insurance, which includes the question whether the Ancient Order of United Workmen is in any sense to be classed as a mutual life insurance company. It is shown by the record that the association is a voluntary, unincorporated, beneficial and benevolent society. Under its constitution and by-laws, it is designed to promote the welfare of its members and protect those dependent upon them. One, if not its principal, object is to provide for the payment of a stipulated sum to the beneficiaries of its deceased members. Its governing bodies consist of a supreme lodge, of grand lodges, and of subordinate lodges. It is the province of the supreme lodge to prescribe and determine the rights, privileges, and duties of the members of the society and of the beneficiaries of deceased members. Grand lodges are organized and exist under its authority, and subject to the constitution and general laws of the order, in such countries, states, territories, and districts as the supreme lodge may determine. A grand lodge has original jurisdiction, within its territory, over all matters pertaining to the welfare of the order, and, for the

government of itself and its subordinate lodges, may adopt constitutions, by-laws, rules, and regulations, and may alter and amend the same. It exercises control and supervision over the subordinate lodges within its jurisdiction. The defendant grand lodge, jurisdiction of Nevada, has control over and supervision of all the subordinate lodges in the states of Nevada, Idaho, Wyoming, Montana, and in the territory of Utah.

Under the constitution and by-laws of the order, there is established a beneficiary fund for the benefit of all members in good standing, and each member who complies with the rules and regulations of the order is entitled to a benefit certificate in the sum of $2,000, payable, at the death of the member, to the person designated by him as his beneficiary. These certificates are issued by virtue of the power vested in the grand lodge, in the nature of mutual benefit insurance, of which the members of the order may avail themselves. The beneficiary fund is maintained by assessments upon the individual members. Under the rules and by-laws of the lodge, all assessments are dated on the 1st day of the month, and the sum of one dollar is levied upon each member for each death which occurred during the preceding month. Notice of assessments must be served personally or by mail, on or before the 8th day of the month in which the assessments were made. Then it is incumbent upon each member to pay the same on or before the 28th day of the month, and, if he fails to do so, he shall stand suspended from all the rights, benefits, and privileges of the order. Any member thus suspended may be reinstated at any time within 30 days from the date of suspension by paying all assessments then remaining unpaid, and, after 30 days, but within three months, by paying all assessments in arrear and pending, and furnishing a certificate of good health. Any suspended member, after the expiration of three months from

the date of his suspension, can only be reinstated upon examination and recommendation of the medical examiner, as in the original instance, and at the expiration of six months from the date of his suspension his beneficiary certificate shall be annulled.

It further appears from the agreed statement of facts that a member in good standing may sever his connection with the order by making proper application for that purpose in the form prescribed by the supreme lodge, and paying all dues, fines, and assessments for which he may be liable, and by surrendering his beneficiary certificate, in writing, together with all rights and privileges which he may have acquired by reason of his membership in the order. Upon such application being made, a final card issues in the form prescribed by the supreme lodge, and it seems there is no other way provided for a member to sever his connection with the lodge. Thus, from an examination of the record, it is clear that the order has assumed the characteristics of a fraternal organization, but it is also equally clear that it has embodied within its constitution and by-laws many of the incidents of a mutual life insurance company, and these apparently predominate. The controlling object of the order seems to be the providing a beneficiary fund, out of which a certain stipulated sum is to be paid to the beneficiary of each member in good standing, upon the happening of a contingency. Good health is a requisite to become a member, and every application for membership must be accompanied by a physician's certificate to that effect. That an applicant is insurable is one of the qualifications for admission, and when he is admitted into full membership a certificate in the nature of an insurance policy is issued to him, and he cannot maintain his membership without keeping such certificate in force by the payment of his assessments and dues. The assessments are, in their nature, premiums, the

nonpayment of which works a forfeiture of the insurance.

Very ample and exacting provisions are contained in the constitution and by-laws in relation to the beneficiary fund, to enforce payment of assessments upon the death of a member, while the other declared objects of the association seem to be almost without provision for enforcement. It is evident from these provisions and requirements that the main object of the order is protection to the beneficiaries of its deceased members by insurance, and that its fraternal character is merely incidental. The contract made between this association and each of its members by issuing a beneficiary certificate, as shown by the record in this case, does not essentially differ from an ordinary contract of mutual life insurance. The life of the member is the subject insured, and the risk is death. The sum to be paid is certain, and so also are the assessments to be paid during the continuance of the risk. There is an absolute undertaking to pay the beneficiary designated, upon the happening of the contingency, unless forfeiture has resulted by nonpayment of dues or assessments. The conclusion is inevitable that it is an insurance contract, and that the association is, in effect, a mutual life insurance company. The rights of the parties to this suit must therefore be determined by the law applicable to mutual life insurance corporations. Bac. Ben. Soc. § 52; *State* v. *Miller*, 66 Iowa, 26, 23 N. W. 241; *Commonwealth* v. *Wetherbee*, 105 Mass. 149; *State* v. *Bankers' & M. Mut. Ben. Ass'n*, 23 Kan. 499; *McCorkle* v. *Association* (Tex. Sup.), 8 S. W. 516.

The next question for consideration is that of forfeiture. Counsel for appellants insist that the plaintiff ought not recover, because the deceased, in his lifetime, forfeited all his rights to membership by failing to comply with the rules and regulations of the order. It is shown by the record that in the month of March, 1887, the deceased

became a member of Warren Lodge No. 18, which is located at Carlin, Nev., and is a subordinate lodge, subject to and under the control and direction of the defendant grand lodge, jurisdiction of Nevada. In the same month the beneficiary certificate in question was issued to him by the defendant grand lodge, countersigned by Warren lodge. In October, 1888, there were three assessments levied against the members of Warren lodge, which were due on the 8th and became delinquent on the 28th of the same month. The deceased failed to pay these assessments on or before the 28th, but on the 30th of October, 1888, he paid to the financier of the lodge the sum of $2.50, which, it appears, was received by him in full payment of all assessments and dues due from the deceased up to October 28, 1888, and the same was sent to, received, and retained by the grand lodge. About the 4th of November, 1888, the deceased handed his beneficiary certificate to the recorder of the lodge, saying that he did not care to belong to the lodge any longer, but the lodge took no action to suspend him. Thereafter, about the 5th or 6th of November, 1888, the deceased was again regularly notified of two more assessments which would become delinquent on the 28th of that month, and these remained unpaid at the time of his death. These are substantially the facts as they appear from the evidence, so far as they affect this question.

It is apparent that the deceased failed to pay his assessments on the 28th of October, 1888, the day whereon the same were delinquent, and that such failure, under the constitution and by-laws of the order, constituted a technical suspension, which might lead to a forfeiture of his rights and privileges as a member of the order, if insisted upon by the lodge. Conceding this, the question is, was the forfeiture waived by the subsequent acts or omissions of the appellants? Did the appellants do or omit to do

any act or acts which would estop them from denying that the deceased was a member in good standing at the time of his death ? Two days after the October assessments became delinquent the deceased paid the financier the $2.50, and this was sent to the grand lodge, and retained by it; and five or six days after such delinquency the officer of the lodge gave the deceased notice of the November assessments. The money was received and the notice was given with full knowledge on the part of the officer of the appellants of the default in payment by the deceased, and, under these circumstances, they must be charged with knowledge of the facts in the case. There was some contention in the oral arguments of counsel on the point whether the sum paid was for assessments or dues, but this can make no difference, for, in either case, the receipt and retention of the money negatives the idea that the lodge was insisting on the suspension at that time. The notice of the November assessments was given after the deceased had handed his certificate to the financier. All these acts on the part of the appellants show that at that time they did not intend to insist on the suspension and forfeiture. Nor is there anything in the record to indicate that such was the case, until after the death of the deceased. Nor was there any action taken by the appellants regarding the suspension, although, from an examination of such portions of the constitution and by-laws of the order as are contained in the abstract of the record, it seems manifest that an absolute legal suspension could be effected only by action of the lodge.

The appellants, having accepted and retained the money, and having given the deceased notice of subsequent assessments, with a full knowledge of the default, and having taken no action to effect a legal suspension, must be held to have waived the forfeiture, if one had occurred. This conclusion is in harmony with the elementary doctrine

that forfeitures are not favored in law, and this is true when applied to life insurance, as in the case at bar, or to any other kind of forfeiture. Nor has the defendant grand lodge entirely departed from this rule of law, as will appear from an examination of its constitution and by-laws, shown by the record, for elaborate and careful provisions appear to be made for the reinstatement of members who become suspended. Courts will not be inclined to do violence to the spirit of those provisions, or to the benevolent character and object of the order, by refusing to consider any act or circumstance which may indicate an intention on the part of a defendant to waive a forfeiture. Bac. Ben. Soc. §§ 86, 362; *Millard* v. *Supreme Council,* 81 Cal. 340, 22 Pac. 864; *Helme* v. *Insurance Co.,* 61 Pa. St. 107; *Erdmann* v. *Insurance Co.,* 44 Wis. 376; *Tobin* v. *Society,* 72 Iowa, 261, 33 N. W. 633; *McDonald* v. *Supreme Council,* 78 Cal. 49, 20 Pac. 41; *Association* v. *Koontz* (Ind. App.), 30 N. E. 145; *Perine* v. *Grand Lodge,* 48 Minn. 82, 50 N. W. 1022; *Association* v. *Windover,* 137 Ill. 417, 27 N. E. 538; *Stylow* v. *Insurance Co.,* 69 Wis. 224, 34 N. W. 151; *Rice* v. *Society,* 146 Mass. 248, 15 N. E. 624; *Insurance Co.* v. *Lester,* 35 Am. Rep. 122; *Roswell* v. *Aid Union,* 13 Fed. 840. There are a few cases which seem to hold otherwise on this question, but the great weight of authority is as above indicated.

It is further contended by the appellants that the plaintiff cannot recover, because he failed and refused to submit his case to the board of arbitration, as provided in the constitution and laws of the order, after demanding a hearing. The constitution, among others, contains a provision relating to the board of arbitration, as follows: "In this board is vested jurisdiction to hear and determine all controversies as to the liability of this grand lodge for any claim made against it by those claiming to be the bene-

ficiaries of deceased members, and also as to who are entitled as beneficiaries where conflicting claims are set up; and the decision of a majority of said board shall be final and conclusive, unless reversed by the grand lodge or supreme lodge, it being the purpose and intention of this provision that all these rights shall thus be determined without recourse to courts of law." It then provides how appeals may be taken. It is evident that this provision is intended to cover the whole subject of conflicting or disputed claims of beneficiaries, and the intention is that claimants shall not have recourse to courts of law. When individuals unite to form a voluntary association, and adopt a constitution and by-laws, the relation which exists between the members is one of contract, and the constitution and by-laws form the terms of the agreement. Such agreement is valid and binding upon them, so long as it is not in contravention of the law of the land or of public policy. As to their binding effect, there is no distinction between the constitution and the by-laws, except that it generally requires less solemnity and formality to change the latter than the former. If in either the association inserts provisions attempting to create a tribunal having the power to adjudicate upon all the property rights of members or beneficiaries arising by virtue of membership in the order, then such provisions have no more effect than a revocable agreement to submit to an award, because, otherwise, the attempt would be to usurp the functions of the sovereign power, for it alone can create judicial tribunals.

In the construction of all such provisions, the courts will apply the most cautious rules in the interests of justice and fair dealing. If the constitution or agreement provides for the determination only of some particular fact or facts, or of a question where no obligation to pay a fixed sum is expressed in the contract, or where no particular

thing is to be done, but only such sum is to be paid, or such thing is to be done, as may be determined by the arbitrators, then, in such and like cases, the provision or agreement to submit is binding, in the absence of fraud. The case at bar must be distinguished from these classes of cases, however, for here the sum to be paid is definite; and the constitution, which provides, in general terms, that all claims and rights of members and beneficiaries shall be submitted to the board of arbitration of its own creation, and that its decision shall be final and conclusive, is legally ineffectual to bar this action. The rule of law is well settled that in such a case an agreement to arbitrate does not preclude the parties to it from resorting to their legal remedies. Nor is a submission to arbitration, under such an agreement, a condition precedent to the bringing of an action. To hold otherwise would be an attempt to clothe such voluntary associations with power to create judicial tribunals, which would be contrary to the law of the land. Bac. Ben. Soc. § 123; *Whitney* v. *Association* (Minn), 54 N. W. 184; *Seward* v. *City of Rochester*, 109 N. Y. 164, 16 N. E. 348; *Austin* v. *Searing*, 69 Am. Dec. 665; *Crossley* v. *Insurance Co.*, 27 Fed. 30.

The point is made by the appellants that no proof of death was made before the bringing of this action. It is shown by the record that application for a death report was made to the officers of the lodge, who were aware of the death of the deceased, and that they refused to make out a certificate. It is further shown that the appellants disclaimed all liability to the appellee under the beneficiary certificate, and refused payment. Under such circumstances, proof of death is unnecessary. In cases of life insurance, such proof is intended as a protection to the insurers, and, when they refuse to pay on other and distinct grounds, the occasion for it ceases, and the proof is

waived. Bac. Ben. Soc. § 413; *Lazensky* v. *Supreme Lodge,* 31 Fed. 592; *Williams* v. *Insurance Co.,* 54 Cal. 442; *Insurance Co.* v. *Pendleton,* 112 U. S. 696, 5 Sup. Ct. 314.

Counsel have raised some other questions in their arguments, and, while they have not escaped our notice, still, after due consideration, we do not deem them of sufficient importance to the decision of this case to call for special discussion. The record reveals no reversible error. The judgment is affirmed.

MERRITT, C. J., concurs.