[Civ. No. 1715.   Fourth Appellate District.—June 22, 1935.]

VANCY JAMES, Appellant, v. COLONIAL MUTUAL LIFE
ASSOCIATION (a Mutual Life Association), Respond-
ent.

Alfred J. Smallberg and Oliver M. Hickey for Appellant.

Charles R. Thompson for Respondent.

BARNARD, P. J.—The defendant is a mutual benefit and life association, organized and operating under the provisions of sections 452a to 453, inclusive, of the Civil Code. On May 26, 1931, the defendant issued two certificates of membership and insurance to one Viter Chappel in the face amount of $1500 each, naming this plaintiff as beneficiary. Each certificate or policy called for the payment of $5 as and for the first semiannual dues with semiannual dues of $2.50 payable each six months thereafter, and further provided for an assessment of $1 on each member upon notice of the death of another policyholder in the association. Chappel paid all dues and assessments on these certificates until an assessment of $2 was levied on June 15, 1932, of which he had notice. This assessment was not paid by July 15, 1932, at which time the certificates became lapsed and forfeited according to their terms. On July 19, 1932, Chappel paid the $2 and submitted to the association a written application for reinstatement for these certificates, and the association accepted the payment and reinstated and renewed the certificates. Chappel died on September 29, 1932, and due and timely proof of death was made but the defendant refused to pay the amount of the certificates although it tendered to the plaintiff the amount which had been paid in for dues and assessments.

In this action which followed, the court found that the assessment levied on June 15, 1932, was not paid on or before July 15, 1932, that the same was paid on July 19, 1932, that the payment was accompanied by an application for reinstatement, that these were received and accepted by the defendant on July 19, 1932, and then found "that on the 19th day of July, 1932, at which time the said certificates of membership and insurance were reissued and reinstated by defendant, the said Viter Chappel was more than fifty-five years of age". As a conclusion of law, the court found that these certificates became lapsed and forfeited on July 15, 1932, and "that the attempted renewal or reinstatement thereof was

illegal and void as a contravention of Section 452e of the Civil Code of the State of California, for the reason that the said Viter Chappel was then over the age of fifty-five years, and more than fifty-five years of age''. Judgment was entered that the plaintiff take nothing except a return of the dues and assessments paid as proffered in the answer. From this judgment the plaintiff has appealed.

In his application Chappel gave his age as 54 years. His daughter, the wife of the appellant, testified that he told her he was born on April 7, 1877. If that is true, he would have been 55 years, 3 months and 12 days old at the time he was reinstated by the respondent. While the respondent introduced the depositions of several people who testified that they thought he looked older at various prior times, these were all very indefinite and as one of the affiants testified, ''he might have been 65 and he might have been 40''. There is no proof worthy of the name that Chappel was more than 54 years of age at the time the certificates were issued and it is fully apparent that the case was tried and decided in the trial court on the theory that since he had passed his fifty-fifth birthday at the time of his reinstatement, such reinstatement was void under the provisions of section 452e of the Civil Code. In submitting a statement of the questions involved on this appeal both parties are in accord as to the issues and the respondent's statement is as follows:

''Where a member of a mutual benefit and life association which is incorporated, organized and operating under the provisions of Sections 452a to 453, inclusive, of the Civil Code, allows his certificate of membership and insurance to lapse and become fully forfeited in accordance with the terms thereof for nonpayment of an assessment and he thereafter has no right, title or interest in said certificate or in the association or any right of reinstatement and such person later applies to the association in writing for reinstatement and the said certificate is renewed and reinstated and said person is more than fifty-five (55) years of age at that time, is such reinstatement void as being in contravention of Section 452e of the Civil Code?''

Section 452e of the Civil Code provides that ''no association organized under this chapter shall accept any member or issue any policy or certificate of insurance to any person

who is more than fifty-five years of age''. We seriously question whether it was the intention of the legislature, in enacting this statute, to prohibit the issuance of such a certificate to a person who had passed his fifty-fifth birthday and not yet reached his fifty-sixth. In *Watson* v. *Loyal Union Life Assn. of Muskogee,* 143 Okl. 4 [286 Pac. 888], in discussing a similar statute, the court said:

''A person is ordinarily not considered over 55 years of age until he arrives at the age of 56. It may safely be said that it is universally so understood, and it occurs to us that this must have been the sense in which the language was used by the legislature.

''Defendant contends that the very moment one passes his or her fifty-fifth birthday, he or she is then over 55 years of age. If this contention be correct, the question naturally arises: At what period in a man's life would he be said to be only 55 years of age? He certainly would not be of that age until he reaches his fifty-fifth birthday. If the contention of defendant be correct, no one could legally give his age as 55 years one hour or one moment after he passes his fifty-fifth birthday. We cannot believe that the legislature intended that the act should be so construed, but, on the contrary, are of the opinion that the language used should be construed in its ordinary sense and be given its ordinary meaning. We prefer to so construe it, and in so doing arrive at the conclusion that insured was not over 55 years of age at the time she took out the certificate in question.''

In any event, and regardless of how this age limit shall be interpreted, we think this section was intended to apply to the original issuance of a certificate and that it was not the intention of the legislature, in adopting the same, to prevent the reinstatement of a policyholder upon payment of an assessment and the acceptance of the same by the association a few days after the policy would otherwise have lapsed. The law does not favor forfeitures and this should be and is particularly true in the case of life insurance policies, which are intended to run for many years and where the equities are in favor of the insured. ■ Under settled law an insurer may waive a forfeiture arising from a failure to promptly pay a premium (*Knarston* v. *Manhattan L. Ins. Co.,* 124 Cal. 74 [56 Pac. 773]; *Bryson* v. *National Travelers Cas. Co.,*

206 Cal. 475 [274 Pac. 957]), and the code section here in question was not intended to prevent such a waiver by an association of this nature.

The respondent places its main reliance upon the contention that the reinstatement of these certificates constituted a new contract and the acceptance of a new membership and, as such, is in contravention of section 452e of the Civil Code. A number of cases from other jurisdictions are cited by both parties upon the question of whether such a reinstatement constitutes a new contract or merely a restoration of the old contract. While some of these cases have held that reinstatements constitute new contracts these holdings have been based upon the circumstances of the particular cases and have usually been for the purpose of interpreting and giving effect to particular provisions of the contracts. Neither these cases nor the principles therein discussed are helpful here, where the real question is whether such a reinstatement as the one now before us is to be considered a new contract within the meaning of section 452e of the Civil Code and forbidden thereby.

Assuming that the reinstatement of a lapsed policy constitutes a new contract under some circumstances and for some purposes, neither what was here done nor the wording of this statute indicates that such a result here follows within the meaning of this section. The statute merely provides that such an association shall not accept a member or issue any policy or certificate of insurance to any person who is more than the age named. This association had accepted this member and issued these certificates some time before. When the insured paid this assessment four days late he accompanied it with an application for reinstatement and, on the same day, the respondent "received and accepted" both the payment and the application for reinstatement, as stipulated by the parties and found by the trial court. Upon this reinstatement no new policies or certificates were issued and it is significant that the initial payment of $5 provided for in each policy or certificate was not again collected although from a reading of the certificates such a payment seems not only absolutely essential to membership in the association, but is apparently the most important requirement to that end.

It is fully apparent that neither party to this reinstatement regarded it as a new contract and that none of the formalities

of a new contract were observed on either side. What actually happened and all that happened was that the respondent waived the forfeiture for the delay, accepted the assessment, reinstated the insured on its books and considered the contract still in force. As was said in *McDonald* v. *Chosen Friends*, 78 Cal. 49 [20 Pac. 41]:

"For it is well settled that a forfeiture for delay in the payment of money may be waived, and that where there is no other condition imposed by convention of the parties, acceptance of the money after knowledge of the forfeiture is such a waiver."

Had the insured lived, there can be no question that subsequent dues and assessments would have been requested from him by the respondent, and accepted if paid.

The waiving of this forfeiture and the reinstatement of the insured under the circumstances here existing did not constitute a new contract within the meaning of, or in violation of, section 452e of the Civil Code.

The plaintiff prayed for a judgment in the sum of $3,000; that the defendant be required to levy an assessment upon all of its members who were in good standing on September 28, 1932; and that the proceeds from such assessment, together with any money in the death benefit fund not subject to prior claims, should be paid to the plaintiff and should be accepted by him in full payment of his claim against the defendant.

The judgment is reversed with instructions to enter judgment in favor of the plaintiff in accordance with the prayer of the complaint, but not to exceed the sum of $3,000.

Marks, J., and Harden, J., *pro tem.*, concurred.