ELIZA HANLEY, Respondent, *v.* LIFE ASSOCIATION OF AMERICA, Appellant.

### June 19, 1877.

1. A condition of a life insurance policy that the failure to pay the premium when due shall forfeit the policy may be waived by the insurer's habit of receiving premiums after they become due.

2. It is not necessary to prove an express waiver, but slight acts will be sufficient to show a waiver where the annual premium receipt remains uncan-

celled in the hands of the insurer, for the purpose of keeping the contract in such a condition that the power of declaring a forfeiture may be waived or not.

3. Where a waiver is shown, a recovery is not barred by reason of the fact that no tender of the premium was made after the death of the insured.

4. Where a witness for defendant, in a suit on the policy, has given his version of a conversation with plaintiff, the widow of deceased, in which she repeated what her husband told her, it is competent for her to give the whole conversation, though as a statement of deceased it is not evidence.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

IRWIN Z. SMITH, for appellant: The custom of the defendant could not be shown to do away with the provisions of a contract. — 2 Pars. on Con. 59; *Atkinson* v. *Allen*, 29 Ind. 375; *Raffert* v. *Scroggins*, 40 Ind. 195; *King* v. *Enterprise Ins. Co.*, 45 Ind. 43.

PATTISON & DOOLEY, for respondent: Where the insurer does nothing, up to the time of the death of the insured, to indicate that he considers the policy lapsed or commuted, it is then too late to insist upon a forfeiture. The right of forfeiture may be considered as waived. — *Thompson v. St. Louis Life Ins. Co.*, 52 Mo. 469; *Manhattan Life Ins. Co.* v. *Warwick*, 20 Gratt. 620; *New York Life Ins. Co.* v. *Statham*, 93 U. S. 24, 30; *Young* v. *Mutual Life Ins. Co.*, 2 Ins. L. J. 289; *Ruse* v. *Mutual Benefit Life Ins. Co.*, 26 Barb. 556; *Mayer* v. *Mutual Ins. Co.*, 38 Iowa, 308, 309; *Miller* v. *Brooklyn Life Ins. Co.*, 2 Big. Life Ins. Cas. 35; 12 Wall. 285; May on Ins. 505; *Teutonia Life Ins. Co.* v. *Anderson*, 77 Ill. 384; *Dean* v. *Ætna Life Ins. Co.*, 62 N. Y. 642; *Pilkington* v. *National Ins. Co.*, 55 Mo. 172. If the company so deal with the assured as to induce a belief that the claim of forfeiture will not be insisted on, and thus put the assured off his guard, the company cannot take advantage of a default which they encouraged. — May on Ins., sec. 361; *Helme* v. *Philadelphia Life Ins. Co.*, 61 Pa. St. 107; *Viele* v. *Germania Ins. Co.*, 26 Iowa, 9, 54; *Baker* v. *Union Life Ins. Co.*, 6 Robt. 395; *Goit* v. *National Protection Ins. Co.*, 25 Barb. 189, 192; *Heaton* v.

*Manhattan Fire Ins. Co.,* 7 R. I. 506; *Garber* v. *Globe Mutual Life Ins. Co.,* 5 Big. Life Ins. Cas. 221.

HAYDEN, J., delivered the opinion of the court.

This is an action on a policy of life insurance, admitted to have been issued by the defendant on the life of the husband of the plaintiff. The petition alleged that Hanley, in his lifetime, deposited the policy with the defendant, as security for a debt of $600, which had been fully paid, and that the policy was in the possession of the defendant; that $481 had been paid on the policy, and that the balance of $10,000, the amount of the policy, was due. The answer alleged that the $10,000 was to be paid only on the condition that the semi-annual premiums, to be paid, by the policy, on the first days of February and August in each year, were met by the respondent as they became due; that when the semi-annual premium became due on August 1, 1872, it was demanded of Hanley, and that he refused to pay it, upon which the policy became forfeited. The answer then set out a clause in the policy to the effect that, after the receipt of two or more annual premiums, the failure to pay any other premium when due should cause the policy to become a paid-up policy on a proportional basis as provided, and that the commuted policy should be subject to the same conditions, etc.; that Hanley paid five semi-annual premiums, and that, by reason of the failure to pay the then succeeding premium, due August 1, 1872, the policy became a commuted policy, to wit, for $581, subject to certain credits, etc.; that on this basis defendant had paid the policy in full. The reply set up various matters, the allegations being to the effect that the defendant waived the payment of the premiums when due, and gave Hanley time to pay them, and never claimed that the policy had become a commuted policy. The affirmative allegations of the answer were denied.

The evidence it is unnecessary to set forth in detail. It

is sufficient to say that there was evidence tending to support the averments as to waiver, so that the court below could not properly have sustained the demurrer to the evidence. There was testimony tending to show that time had been given, by note or otherwise, on occasion of the payment of the previous premiums, and that the conditions of the policy had not been strictly insisted on in regard to the time of such payments ; that in case of the renewal receipt for the unpaid premium due on August 1, 1872, the cashier presented it to Hanley, who said, in substance, that he was not ready to pay it; that it was retained thirty days and then turned over, with receipts regarded as uncollectible, to the book-keeper; that he never marked it off as cancelled, though it came to him for that purpose ; that up to the time of Hanley's death it was not so marked off, nor until about five weeks after the death ; that a conversation took place between Hanley and the book-keeper, while the renewal receipt was in the latter's possession, in the course of which Hanley, in reply to the book-keeper's question whether Hanley desired to have the policy marked off as lapsed, said that he did not wish to have it marked off just then. On cross-examination the book-keeper testified that it was considered by the company that a receipt as soon as handed to him was cancelled ; and, being asked his reason for so saying, replied that the terms of the policy made it a lapsed policy, and that it was as much lapsed on August 1st as when it came into his hands.

The defendant's evidence tended to show that its manager had told Hanley, who himself was employed by the company, that the policy was lapsed and would be cancelled, upon which Hanley said that he knew it, and was aware of the rules ; that, by the custom of the company, when a premium was overdue for thirty days, the person must submit to re-examination as to his health; that in December, 1872, the amount due on the policy, as a commuted policy, was paid to the plaintiff, and that she, on the

policy, receipted in full for all claims under it and sur-
rendered the policy; that the transaction was explained to
her, and that she fully understood it. The plaintiff, in
rebuttal, gave evidence tending to show that when she
signed the receipt she did not know what she was doing.

The instructions which were given for the respondent are
not now objected to by the appellant, except upon the
ground that there was no evidence to support them, or to
show either payment or waiver of payment of the August
premium. Among other instructions given for the appel-
lant was the following:

"The jury are instructed that, in order to recover in this
action, the plaintiff must show by evidence one of the fol-
lowing facts: first, that the premium due by said Hanley
to the Life Association of America was paid; or, second,
that the defendant had waived the prompt and immediate
payment of said premium, and assented to the delay in the
payment up to the time of said Hanley's death; or, third,
that it had been accustomed to receive the premiums on
said policy long after they became due and payable by the
terms of the policy, and had continued the policy in force
notwithstanding the failure to pay said premiums when and
as they became due; or, fourth, that for a long time before
said 1st of August, 1872, defendant had been accustomed
to waive the prompt payment of premiums on policies
issued by it, and had been accustomed to keep such policies
in force notwithstanding the failure to pay the premiums
promptly, and that defendant had so waived prompt pay-
ment in case of the premiums due on the policy herein sued
on, and of the premiums last due; or, fifth, that defendant
had waived any right it may have had to forfeit or commute
said policy."

There was a verdict and judgment for the respondent in
the sum of $10,308.70, and an appeal to this court.

The rule of law by which this case must be governed was
laid down in *Thompson* v. *St. Louis, etc., Insurance Com-*

*pany*, 52 Mo. 469. That rule is supported by a great body of decisions in the different States, and rests upon principle. If legal rights accrue to a party, that party, where a forfeiture is concerned, should evince his determination at some time and in some way to take advantage of the forfeiture. If, with full knowledge, he through a long time keeps the contract in such a state that he can enforce it at his will, as made, it is not unreasonable to hold that such conduct on his part is evidence tending to show that, according to his intent and understanding, the contract, as made, is alive. The continuing power of declaring a forfeiture, prolonged through an indefinite time, to be exercised or not, as self-interest dictates, it is obviously the policy of the law not to favor. It is strictly according to legal principles and in furtherance of justice to hold that slight acts are sufficient, in such cases, to prove a waiver. Regard must be paid to the element of reciprocity. If a company keeps things open, so that it can at any time claim its right to premiums, why should not the policy be regarded as existing in respect to its liabilities? If it be said that by virtue of an express clause in the policy it becomes commuted as soon as the pay-day is past, the position is more objectionable than that originally taken, since one effect of this clause is to give the insurer a greater facility for keeping the rights of the insured in suspense. If the forfeiture, whether full or partial, occurs *eo instanti*, the insurer should act accordingly. If his own acts show that he does not regard it as having so occurred, he cannot complain that those acts are made evidence against him. It is no hardship that he should be made to take one ground or the other.

The third instruction, of the refusal to give which the appellant complains, was properly refused. It was not necessary that there should have been an express waiver. It was for the jury to say, under the instructions and upon all the evidence, whether there had been a waiver. The sixth instruction was properly refused. As, according to the

appellant, the policy was forfeited, as a full policy, before the death, for non-payment of premium, it must be presumed, as against the appellant, that if the premium had been tendered at any time after the death it would not have been accepted.     In any aspect, tender after the death would have accomplished nothing; and up to the death, as the jury have found, the payment was waived.    The appellant has obtained all the advantage it could have, obtained by the allowance of the amount on the trial.

In regard to the admission of evidence, it was competent for the respondent to state the whole conversation with the witness Mott, who had given his version of it.    If she stated to Mott what her husband had told her, that was still a part of the conversation.    As a statement by Hanley, the remark was not evidence, and so the court instructed the jury.    In the refusal of the court below to set aside the verdict, notwithstanding the affidavits as to newly-discovered evidence, we see no abuse of its discretionary power. The judgment, with the concurrence of all the judges, will be affirmed.