[Civ. No. 4341. First Appellate District, Division Two.—November 23, 1922.]

EVERETT A. HOLMAN, Respondent, v. LEO. P. MUSSER, Appellant.

[1] VENDOR AND VENDEE—PURCHASE OF REAL PROPERTY—PAYMENT— DELIVERY OF DEED—CONSTRUCTION.—Where a contract for the purchase of real property, after acknowledging receipt of deposit and providing for the payment of the balance in installments and for the examination of the title and reporting of objections, provides that if no objections to the title are reported by the purchaser within the time designated the balance of the purchase price shall be paid by the purchaser upon the installment terms specified, "upon the delivery to said purchaser . . . of a properly executed and acknowledged grant, bargain and sale deed of said property," the seller is required to deliver to the purchaser a deed to the property at the time the first of the installment payments becomes due and payable.

[2] ID.—UNUSUAL CONSTRUCTION—PRESUMPTION.—The fact that the construction placed upon a contract makes it an unusual one is immaterial; but parties are not bound to enter into the usual contracts, and there is no legal presumption that they will do so.

[3] ID.—FORFEITURES—EQUITY.—Forfeitures are not favored in law and the trial court is bound to construe a contract for the sale and purchase of real property, if possible, so as to avoid a forfeiture of the purchaser's deposit. Forfeitures will be avoided upon any reasonable showing.

[4] ID.—PRELIMINARY AGREEMENT—REFUSAL TO EXECUTE FORMAL CONTRACT — RIGHTS OF PARTIES.—Conceding that the parties had agreed to execute, later, a formal final agreement embodying other and additional terms and conditions respecting the sale and purchase of the property and that the purchaser refused to enter into such an agreement, the seller had the right to seek to hold the purchaser to the terms of the preliminary agreement, but in holding the purchaser to the terms of the preliminary agreement, the seller was also bound thereby, and the rights of the parties, respectively, were determined with reference to its terms.

[5] ID.—DEFAULT—ABANDONMENT—RECOVERY OF DEPOSIT.—The seller having been in default by reason of his failure to furnish a deed as required by the preliminary agreement of purchase and sale, and having announced in writing to the purchaser that he considered the contract at an end, this amounted to an abandonment of the same, and entitled the purchaser to recover his deposit.

APPEAL from a judgment of the Superior Court of Alameda County. Joseph S. Koford, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ezra Cox for Appellant.

C. S. Morbio for Respondent.

LANGDON, P. J.—This action was brought by the plaintiff to recover $500, money paid by him on a contract to purchase from defendant certain real property in Oakand, California, on the ground that the defendant had abandoned and refused to perform said contract. [1] The contract entered into between the parties was dated November 12, 1920, and was as follows:

"Received from Everett A. Holman the sum of five hundred dollars, being deposit on account of seven thousand nine hundred dollars, United States lawful money, the pur-

chase price of the property this day sold to him subject to owner's approval, situate in City of Oakland, County of Alameda, State of California, and described as follows, to-wit:

"House and lot located at 628 Capel St. subject however to certain repairs mentioned in letter Nov. 12th, 1920. Price offered by buyer, $7900.00; $500.00 deposit this day paid, and the balance to be paid as follows: Fifty dollars on Dec. 1st, 1920, and fifty dollars or more on the 1st of each month thereafter including interest 7%. It is further agreed that $500.00 or more shall be paid on July 1st, 1921 and $500.00 more each six months thereafter.

"10 days from date hereof are allowed Byron S. Arnold Co. in which to secure owner's approval; 10 days additional are allowed purchaser to examine title to said property and to report in writing all valid objections thereto to Byron S. Arnold Co. at its office. If no such objections to title are so reported the balance of said purchase price shall be paid by said purchaser to said Byron S. Arnold Co. in the manner hereinabove specified, upon the delivery to said purchaser at said office of a properly executed and acknowledged grant, bargain and sale deed of said property.

"If any such objections to title are so reported sixty days are allowed seller to perfect title, and if, after the expiration of said term (unless extended by mutual consent) the title shall not have been perfected, said deposit shall be returned; otherwise said deposit shall be retained by the seller's agent.

"Taxes for the current fiscal year shall be pro-rated as from July 1st to July 1st; fire insurance, rents and water rates shall be pro-rated as of date of the delivery of deed.

"Time is of the essence of this contract.

"BYRON S. ARNOLD CO.

"I hereby agree to purchase the property above described upon the terms and conditions hereinabove expressed.

"EVERETT A. HOLMAN."

The foregoing contract was set out in the complaint and it was alleged that Byron S. Arnold Co. was the agent of the defendant; that the contract of purchase and sale was duly signed and ratified by the defendant; that plaintiff paid $500 in reliance upon said contract; that defendant never tendered to plaintiff any deed or conveyance of the

title to said property and that on December 16, 1920, defendant notified plaintiff that all his interest in said property was forfeited and the money paid upon the purchase price thereof was forfeited because of the nonpayment of $50 on December 1, 1920.

Defendant answered and admitted the making of the agreement set out in the complaint; denied that the defendant failed to perform any conditions binding upon him; denied that the plaintiff had performed the conditions of his agreement, and specifically denied "that he (defendant) did not offer a good and sufficient deed or conveyance of the premises to the plaintiff." Consequently, the issue upon the trial was whether or not the defendant had performed his obligations under the contract, which resolved into the questions: Was defendant bound to offer to plaintiff a good and sufficient deed conveying the title to said property under the terms of the contract, and did he do so? The answer to the first of the questions depends entirely upon the construction placed upon the contract hereinbefore set out. The plaintiff urged upon the trial court the equitable principles that forfeiture is not favored in the law and that a contract will be construed, if possible, so as to avoid a forfeiture.

The trial court construed the contract as requiring the defendant to deliver to the plaintiff a deed to the property at the time the first of the installment payments became due and payable. The language justifying such a construction was: "If no such objections to title are so reported (prior to December 2, 1920) the balance of said purchase price shall be paid. by said purchaser to said Byron S. Arnold Company in the manner hereinabove specified (first installment payment due December 1st, 1920), *upon the delivery to said purchaser at said office of a properly executed and acknowledged grant, bargain and sale deed of said property.*"

The construction placed upon the contract by the trial court was further justified by the following clause in the contract: "Taxes for the current fiscal year shall be prorated as from July 1st to July 1st; *fire insurance, rents and water rates shall be pro-rated as of date of the delivery of deed.*"

As the trial court pointed out, if the deed was not to be delivered for several years, or until the last installment payment was made by the plaintiff, as contended by defendant, then, under the terms of the contract the defendant would be charged with fire insurance premiums, rents and water rates until the time of the delivery of said deed. It is admitted by defendant's witness Arnold that an adjustment of taxes, insurance, etc., was insisted upon by him, as defendant's agent, as of a date prior to December 1, 1920. This fact is valuable in arriving at a construction of the contract, being the interpretation which the parties themselves placed upon it.

[2] The fact that the construction placed upon the contract makes it an unusual one is immaterial. Parties are not bound to enter into the usual contracts and there is no legal presumption that they will do so. The defendant was protected by his vendor's lien, but that circumstance is also immaterial. [3] Forfeitures are not favored in law and the trial court was bound to construe the contract, if possible, so as to avoid a forfeiture of plaintiff's deposit. Forfeitures will be avoided upon any reasonable showing. (*Knarston* v. *Manhattan L. Ins. Co.*, 124 Cal. 77 [56 Pac. 773].)

The only other matter urged by the appellant is that the evidence shows that the plaintiff announced an intention not to go on with the contract, prior to December 1, 1920, and, therefore, the defendant was relieved from the necessity of offering him a deed on that date, but might rely upon the anticipatory breach by the plaintiff. It is argued that, in legal effect the situation amounted to a prevention of performance by the plaintiff. The trial court found that defendant was not prevented by any act of plaintiff from performing the terms and conditions of said contract. And this finding was supported by the evidence, for while the testimony of defendant's agent was that the plaintiff stated, about November 22, 1920, that he would not go on with the contract, the testimony of plaintiff with regard to this matter is that upon being told that he could not get back his deposit, he stated that he would go on with the contract and he indicated his willingness and determination to go on with it by treating the property as his own, advertising it for sale, etc. As to these latter matters, he is corroborated by the testimony of defendant's

agent. The record presenting a conflict of evidence upon this question, we are bound by the conclusion of the trial court.

It is also contended that the evidence shows that the contract set out herein was a preliminary agreement or deposit receipt and that a further or final agreement was to be entered into between the parties which was to include all the terms and conditions of the sale of the property and provide for the delivery of a deed at a time other than that mentioned in the preliminary agreement as construed by the trial court and by this court. Upon this phase of the case, it seems apparent that any final or more formal agreement must, necessarily, embody the terms set out in the preliminary agreement, even though additional ones were to be added. If the terms of this preliminary agreement, as construed by the trial court, are not binding upon the defendant so as to compel inclusion thereof in any more formal agreement concerning the subject matter, assuredly none of its terms are binding upon the plaintiff. Defendant's only claim to the money in controversy is under the terms of the preliminary agreement. It is not provided that plaintiff should forfeit this $500 if he failed to agree upon the terms of a final agreement and the validity of such a provision is not before us. If defendant is seeking to retain this amount as damages for plaintiff's alleged refusal to enter into the final formal agreement, defendant can only do so by showing that such an amount represents his actual damages, and further, that the plaintiff was in default in refusing to execute the final agreement. To prove this latter point, it would be necessary for defendant to show that the final agreement offered by him to plaintiff conformed to the preliminary agreement as to the matters touched upon in the preliminary agreement. (*Levin* v. *Saroff*, 54 Cal. App. 285 [201 Pac. 961].) This he failed to do. He also made no showing that he had been damaged in any amount by the plaintiff's failure to execute the final agreement. It appears that he resold the house and so far as the record shows he may have received a substantially larger amount than the plaintiff was to pay for it.

[4] Conceding, therefore, that the parties had agreed to execute, later, a formal final agreement and that the plaintiff refused to enter into such an agreement, defendant

thereupon sought to hold plaintiff to the terms of the preliminary agreement, as he had a right to do. (*Levin* v. *Saroff, supra,* and cases cited therein.) He; accordingly, sought to retain the deposit made under the preliminary agreement. In holding plaintiff to the terms of the preliminary agreement, defendant must necessarily be bound thereby, and the rights of the parties, respectively, are determined with reference to its terms as such terms were construed by the trial court. [5] In the light of such construction, the defendant was found to be in default by the trial court, because of his failure to furnish a deed. This was the important issue raised by the pleadings in the action. In this situation, defendant announced in writing to the plaintiff that he considered the contract at an end. This amounted to an abandonment of the same, and entitled the plaintiff to recover his deposit. In other words, the defendant may not hold the plaintiff to the terms of the preliminary agreement and retain his deposit made thereunder unless he is also held to a performance of the terms of such agreement. The interpretation of such agreement we have discussed heretofore herein.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.