[L. A. No. 8049. In Bank.—September 26, 1928.]

C. C. REDD, Respondent, v. GARFORD MOTOR TRUCK COMPANY, INCORPORATED, et al., Appellants.

W. Cloyd Snyder for Appellants.

I. R. Rubin, M. G. C. Harris and Adolph Johnson, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in the plaintiff's favor in an action for claim and delivery whereby he was awarded possession of a motor-truck or its value if delivery could not be had in the sum of $3,000, together with damages for the alleged unlawful detention thereof in the sum of $2,000. On September 14, 1923, the evidence herein shows the plaintiff to have been the owner of a certain motor-truck, and on said day he entered into an agreement with the defendants for the purchase under a conditional sales contract of that certain Garford motor-truck which is the subject of the present action, by the terms of which agreement the plaintiff turned over to the defendants the motor-truck which he then owned at an agreed value, which was to be credited upon the payment of the Garford motor-truck he was about to purchase, which left apparently a balance due upon the latter of $4,120.15, and which by the terms of said agreement was to be paid by the plaintiff to the defendants in eighteen monthly installments, the first of which was to be the sum of $465 payable on October 14, 1923, the remainder of said installments being in the sum of $215, payable upon the fourteenth day of each month thereafter, time being expressly made the essence of said agreement. The plaintiff was given immediate possession of the truck. On October 1, 1923, the plaintiff was notified in writing that his first installment of $465, with interest thereon, would become due on October 14, 1923. On that date the plaintiff gave the defendants his check for the sum of $300, without any special direction as to how the same should be applied. At that time it appears that he was entitled to a credit of $50 on account of the sale by the defendant of the other truck. It appears, also, that there was due by the plaintiff to the defendants the sum of $94.50 upon an open account. The defendants thereupon credited the plaintiff with said payment of $300 and also with the $50 credit to which he was entitled, and then charged against said credit the said sum of $94.50 due upon said open account, which left a balance of $255.50 which the defendants applied

to the payment *pro tanto* of the installment which had fallen due upon said date. Shortly thereafter the defendants sent to the plaintiff a written notice to the effect that his second installment of $215, with interest, totaling $239.95, would become due on November 14, 1923, and on the latter date the plaintiff paid to the defendants the amount of said installment in full. Thereafter and on the morning of November 21, 1923, the plaintiff, as the evidence discloses, returned said Garford motor-truck to the defendants and thereupon, as he testified, entered into an oral agreement, by the terms of which the defendants were to sell said truck and were to pay from the proceeds thereof whatever amounts were due or to become due the defendants upon account of the purchase price thereof, paying the balance, if any, to the plaintiff. At a later hour in said day the plaintiff returned to the salesroom of the defendants and was then informed that the defendants had elected to repossess said truck under the terms of the written agreement for its purchase and on account of the failure of the plaintiff to pay in full the amount of the installment which had fallen due upon October 14th, and upon which it was claimed a balance of $236.96 remained due. On the following day the plaintiff offered to the defendants his check in full payment of said amount and demanded repossession of the truck, which were both refused; whereupon and on November 23, 1923, the plaintiff commenced this action in claim and delivery for said truck, or for the value thereof, fixed at $3,000, and for damages in the sum of $2,000 for its unlawful detention.

Upon the trial of the cause before the court sitting without a jury the trial court, upon the foregoing facts, made its findings of fact and conclusions of law in the plaintiff's favor and thereupon made and entered the judgment from which this appeal has been taken.

■ It is the contention of the appellants that since by the terms of the written agreement for the purchase by means of an installment contract of the aforesaid Garford motor-truck, time being expressly made the essence of said agreement, there was on November 21, 1923, a balance of $236.96 which had been overdue since October 14, 1923, upon the first installment payable on the latter date upon and under the terms of said agreement, the said defendants were entitled to declare a forfeiture thereof and to repossess said

truck, and that having done so lawfully they were entitled to refuse to accept from the plaintiff the proffered balance due upon said installment on the following day, and that having thus lawfully repossessed said property the plaintiff was not entitled to maintain this action, and hence that the judgment therein should have been in favor of the defendants for their costs. On the other hand, the respondent, while admitting that on and after October 14, 1923, there had remained due from himself to the defendants the said balance of $236.96, on account of which the defendants might at any time prior to November 14, 1923, have declared a forfeiture of said agreement and have thereupon lawfully repossessed said truck, contends that such right of forfeiture and repossession was waived by the defendants when, on November 14, 1923, they accepted from the plaintiff payment in full of the second installment upon said contract due on said date, at least until, after receiving without objection said second installment, they had given notice to the plaintiff of their intention to claim said forfeiture unless within a reasonable time the plaintiff should make the payment of the balance due upon the amount of the first installment. The plaintiff further insists that when on the morning of November 21, 1923, he voluntarily returned said truck to the possession of the defendants under the oral agreement to which he testified, that the defendants were to sell the same and from the proceeds of such sale pay in full whatever amounts remained due upon the purchase price of the truck, and when the defendants received the possession of said truck under such oral agreement they thereby further and fully waived whatever rights of forfeiture and repossession they might have theretofore had under the original agreement. It is true that as to this latter oral agreement the evidence given by the plaintiff and that given by the manager of the Garford Motor Truck Company touching said latter transaction is in direct conflict, but since the trial court found in the plaintiff's favor upon the issues tendered in said action, we must assume that it not only accepted the plaintiff's version of said oral agreement, but also interpreted the acts of the defendants in accepting without objection the second installment due to them under the terms of the original agreement, as a waiver of their right to insist upon a forfeiture because of the failure of the plaintiff to pay in full the

amount of the first installment when due, at least until such time as they had notified the plaintiff of their insistence upon said forfeiture in the event that the latter failed to make prompt payment of said balance due after receiving such notice. We are of the opinion that the trial court was correct as to each and both of its foregoing conclusions. ■ That the law does not favor forfeitures is well settled by the decisions of this court in numerous cases, and, as was well said in the case of *Knarston* v. *Manhattan L. I. Co.*, 124 Cal. 74, 77 [56 Pac. 773, 774] : "Evidence tending to show the waiver of a forfeiture will be looked upon with kindly eyes." The case of *Boone* v. *Templeman*, 158 Cal. 294 [139 Am. St. Rep. 126, 110 Pac. 947, 949], is a leading authority in this state upon the subject of forfeiture of installment contracts, and we find therein, quoted with approval, the statement of Mr. Pomeroy in his work on contracts, to the effect that "The one entitled to insist upon a punctual performance by the other or else that the agreement be ended, may waive his right and the benefit of any objection which he might raise to a performance after the prescribed time, either expressly or by his conduct; and his conduct will operate as a waiver when it is consistent only with a purpose on his part to regard the contract as still subsisting, and not ended by the other party's default." In the case of *Hoppin* v. *Munsey*, 185 Cal. 678, 683 [198 Pac. 398], it was held that the making by the vendee and acceptance by the vendor without objection of subsequent payments upon an installment contract operated as a waiver of the right of forfeiture which had arisen by virtue of the vendee's previous default, to the extent, at least, of requiring the vendor to notify the vendee of its intended insistence upon such forfeiture unless the amount in default was promptly paid. The cases of *Pacific Finance & Investment Co.* v. *Pierce*, 48 Cal. App. 600 [191 Pac. 1115], and *Benedict* v. *Greer-Robbins Co.*, 26 Cal. App. 468 [147 Pac. 486], are not inconsistent with the views above expressed, since in the first of these cases there was an express provision in the original contract of conditional sale to the effect that the acceptance by the vendor of any installment payment was not to operate as a waiver of its right to retake possession of the property without previous demand or notice on ac-

count of any previous defaults; while in the second of said cases the default of the plaintiff consisted not only in his failure to make the required payments in the first instance, but also in his failure so to do after he had been notified of the vendor's insistence that the balance remaining due upon such installments must be promptly paid. For like reason the case of *Silverstin* v. *Kohler & Chase*, 181 Cal. 51 [9 A. L. R. 1177, 183 Pac. 451], contains nothing inconsistent with the views above expressed, since in that case the defaults of the vendee which entitled the vendor to retake the property were future defaults occurring after certain intermediate installments had been paid. But even if it should be conceded, as the appellant herein contends, that the fact of their acceptance of the second installment due upon said original agreement would not of itself suffice to work a waiver of their right to take possession of said truck on account of the plaintiff's previous partial default, we are satisfied that by the subsequent executed oral agreement entered into between the parties on the morning of November 21, 1923, by the terms of which the plaintiff yielded and the defendants took possession of said truck under a definite agreement to undertake the sale of the same, and by and through such sale when accomplished to repay to themselves all sums due and to become due under said original contract, they fully waived whatever rights they still possessed, if any, to claim a forfeiture thereunder, until their efforts in the way of the resale of the said truck had failed to prove seasonably successful, or that the plaintiff in the meantime had further defaulted in making the payments thereafter to become due upon said original contract of conditional sale. The conduct of the defendants in accepting the repossession of said truck upon the foregoing terms and conditions was utterly inconsistent with any right which they might otherwise have claimed to retake said property under the forfeiture terms of the original agreement, and to use the expression of Mr. Pomeroy approved in *Boone* v. *Templeman, supra:* "it is consistent only with a purpose on his part to regard the contract as still subsisting and not ended by the other party's default." This being so, we are satisfied that the trial court correctly decided that the plaintiff was entitled in this action to the repossession of said truck, or the value thereof in the event such redelivery could not

be made. ██ We are, however, by no means satisfied that the trial court was also correct in that portion of its judgment wherein it was decided that the plaintiff was entitled to damages in the sum of $2,000 for the detention by the defendants of said property. The plaintiff in his complaint states generally that he is entitled to recover "the further sum of $2,000.00 damages for detention thereof." The defendants in their amended answer deny that the plaintiff is entitled to said sum or any amount whatever as damages for their detention of said property. The damages which the plaintiff thus sought and which the defendants deny, were compensatory only, the plaintiff having made no averment upon which a claim of exemplary damages could be sustained. (*Lamb* v. *Harbaugh,* 105 Cal. 691 [39 Pac. 56].) This being so the plaintiff was put upon proof as to the fact and extent of whatever damages he had sustained by reason of the defendants' detention of said truck. The record is entirely lacking in such proof, and in the absence thereof the only damages which the plaintiff would be entitled to have awarded him would have been nominal damages. In this state of the record the trial court was in error in awarding to the plaintiff the sum of $2,000, or any other sum other than merely nominal damages, against the defendants. This being so, that portion of the judgment which awards the plaintiff the sum of $2,000 damages by reason of the detention by the defendants of said property must be stricken from said judgment, and, with this amount eliminated, the judgment in the plaintiff's favor for the redelivery to him of said truck, or for the value thereof in the sum of $3,000, if such delivery cannot be had, must be and the same is hereby affirmed.

Shenk, J., Seawell, J., Preston, J., Curtis, J., Tyler, J., *pro tem.,* and Waste, C. J., concurred.

Hearing in Bank denied.

All the Justices present concurred.