[Civ. No. 4251. Third Appellate District.—March 6, 1931.]

JOHN B. REDD, Respondent, v. WILLIAMS RADIATOR
COMPANY (a Corporation), Appellant.

Black, Hammack & Black and Carey McWilliams for
Appellant.

Jacobs & Jacobs for Respondent.

MR. JUSTICE Pro Tem. McDANIEL Delivered the Opinion of the Court.—This is an appeal from a judgment in favor of the plaintiff and against the defendant. This action was upon an employment contract evidenced by the following document:

"Mr. J. B. Redd,

"7342 Jasmine Avenue,

"Palms, California.

"Dear Sir:

"Confirming our conversation of Tuesday, February 19th, 1924, regarding your employment commencing March 15th, 1924:

"1—For and in consideration of your undivided time and services we will pay you a salary of $300.00 per month ($3,600.00 per year).

"2—If after three months you fulfill our expectations, we further agree to pay you a bonus annually and which shall be governed by the billing of the company and computed as follows:

"When billing exceeds $225,000.00 we will credit you with one-half of one per cent (½ of 1%) of the total billing for our fiscal year ending January 31st and payable 50 per cent February 15th, and 50 per cent August 15th.

"Example:

Billing for year 1925—$250,000.00

½ of 1% of $250,000.... ...........$1,250.00

Salary for year................... 3,600.00

Total compensation...............$4,850.00

"3—Bonus for the year 1924 will be computed as above less the time not employed or in other words, if billing equals $250,000 the net bonus would be $1250.00 ($104.20 per month) less $156.25 (1½ months not employed) or $1093.75. Total compensation for the year would be as follows:

10½ months at $300.00...........$3,150.00

10½ months bonus at $104.17....... 1,093.75

Total compensation ..............$4,243.75

"This agreement is subject to cancellation at any time by giving 30 days notice in advance.

"Yours very truly,
"WILLIAMS RADIATOR COMPANY,
"By ........................
"Assistant Secretary"

Plaintiff entered upon his work under this agreement on the fifteenth day of March, 1924, and continued in said employment until on or about the first day of March, 1925. Subsequently to March 1, 1925, by mutual agreement, plaintiff continued in the employment of the defendant corporation but under a different arrangement. Instead of a bonus and salary thereafter he worked for a commission on sales, being allowed a checking account of $200. On August 19, 1924, Mr. J. M. Williams, who was president of the defendant corporation, wrote and mailed to plaintiff the following letter:

"Los Angeles, August 19th, 1924.
"Mr. Redd:—

"I am going to be away for a few days. I wanted to see you before going but did not arrange it. I will see you on my return the early part of next week.

"It is going to be necessary that we make a change in our organization because it is evident to me that you are not making as much impression on the architects and engineers assigned to you as is necessary for the protection of our interests. I will undertake to give you a different assignment.

"We will have to cancel our agreement that we made last spring, dated March 1st, 1924. I am willing to continue to pay you the same salary of $300.00 per month but without the bonus feature referred to in the letter of March 1st. I feel that there has not been accomplished with the architects and others assigned to you, sufficient to warrant this, either in justice to the company or the other salesmen.

"I am sure that we will all be very busy for the next several months and I believe that you can best serve the company's interests, and in that way your own, by a somewhat different line of work, which will be indicated when I have opportunity to speak to you again.

"J. M. WILLIAMS.
"FMW—RF.                                    "R. F."

It is admitted that under the employment contract plaintiff received a salary of $300 per month regularly until it was fully paid. Plaintiff, however, was not paid any bonus provided for in the contract of employment. █ Defendant contends that the provision for bonus was canceled by the above quoted notice and letter of August 19th. The court found that the said contract was not canceled and that finding presents the most important question to be determined on this appeal.

In the cross-complaint the defendant claimed a balance due of $690.21 modified by a supplemental amendment to the sum of $617.66. This so-called cross-complaint, together with the amendment, was duly answered by the plaintiff, who contends that under the commission agreement he was entitled to certain commissions on transactions which had not been allowed by the defendant. There seems to be no serious uncertainty or ambiguity about the written contract. Although it is claimed the second paragraph as to the term of probation is uncertain, it appears to us to be sufficiently definite to indicate the meaning to be that if the plaintiff performed his duties satisfactorily for the first three months the defendant company would pay him a bonus as a part of the consideration for his employment. That bonus was to be ascertained when the amount of the company's business exceeded $225,000 for the fiscal year ending the ensuing thirty-first day of January. The bonus for the year 1924 under the contract was to cover actually the ten and one-half months from March 15th to the following January 31st, the one and one-half months being the time plaintiff was not employed during that year. The evidence and the pleadings admit that the company during the year did a business of $250,000.

It seems to have been understood by all parties, and no argument to the contrary has been presented, that the word "billing" used in the contract refers to sales of the year billed out and is equivalent to the expression "business for the year".

The letter of August 19th, as will appear upon careful consideration of the language thereof, is uncertain and ambiguous. Appellant contends it manifestly indicates the intention on its part within a reasonable time to abrogate or to cancel at least so much of the employment agreement

as relates to the bonus feature; while respondent contends it did not purport to be the thirty days' notice of cancellation, and being expressed with verbs in the future perfect tense that it was merely in effect a threat, at some later time, to cancel the existing contract, which it recognizes as in existence and substitute therefor a new and different line of work under another contract of employment.

It is undoubted that some dissatisfaction is intimated with the employee plaintiff and a different line of work is foreshadowed by the last line or two. Such dissatisfaction was not indicated at the expiration of the first three months of service named as a probationary period in the contract. Appellant waited fully five months, an unreasonable time, to extend the period not authorized in the contract.

It is stated, as will be observed, that a "different line of 'work' will be indicated when I have opportunity to speak to you again". The evidence without serious conflict, if any, shows that the president of the defendant corporation did not at any time make any other arrangement with the plaintiff as to terms of employment, substitution of any different contract or cancellation. Plaintiff continued performing his duties as he had done for the defendant from the beginning. If it be read into the purported notice that it was to take effect thirty days thereafter it will appear that the defendant had worked six months of the remaining ten and one-half months of the fiscal year. It appears that the amount of business was $25,000 more than the standard established by the contract as the minimum billing, to wit: $225,000, the conditional sum and basis of a bonus allowance. The plaintiff testified that after the date of the letter, the president of the company, Mr. Williams, expressed himself as fully satisfied with the plaintiff. The learned judge of the trial court may well have considered that if the alleged notice be regarded as a cancellation notice or one that should be given effect as altering the original contract that under all the circumstances, the notice as such was waived by the defendant. It also was apparent, if given any effect at all, that it was an attempt to declare a forfeiture of the *pro tanto* earnings of bonus during his work of six months. In *Redd* v. *Garford Motor Truck Co., Inc.*, 205 Cal. 245 [270 Pac. 447, 449], it is said: "That the law does not favor forfeitures is well settled by the decisions

of this court in numerous cases, and, as was well said in the case of *Knarston* v. *Manhattan L. I. Co.*, 124 Cal. 74, 77 [56 Pac. 773, 774]: 'Evidence tending to show the waiver of a forfeiture will be looked upon with kindly eyes.'"

The cited case of *Knarston* v. *Manhattan L. I. Co.*, 124 Cal. 74 [56 Pac. 773, 774], also holds: "A waiver may be implied from the acts and conduct of the parties." Authorities on this point might be multiplied, but it is unnecessary so to do.

■ There was sufficient consideration for the written contract relating to the option. (*Russell* v. *Johns-Manville Co.*, 53 Cal. App. 572 [200 Pac. 668].) This is a case which at first glance would appear to hold to the contrary, but in reality is authority supporting option contracts in cases where the extra compensation was a part of the wages promised even though it was only conditionally promised. Other cases supporting bonus contracts will be found in 39 C. J. 159, notes 91, 92, 96.

■ We are satisfied the employment contract even as to the bonus clause was not canceled and that the plaintiff therefore was entitled to his bonus amounting to $1093.75. Under the commission arrangement the court found in favor of plaintiff on three separate items, namely, Culver City job No. 1 for $5,376; Culver City job No. 2 for $208.28, and the Jones-Urban Military Academy job for $72.55. The court further found the commissions earned *in toto* under that commission contract term to be as claimed in the cross-complaint except for the above-named three items and found that the plaintiff was indebted to the defendant, because he had been overpaid as shown by defendant's bill of particulars, in the sum of $617.66. This sum deducted from the four items found to be due to plaintiff which amounted to a total of $1428.34, left as the balance due plaintiff the net sum of $810.68. There was much testimony adduced upon the trial with reference to all of the business done by the plaintiff under the commission contract during his last year's service. That evidence was conflicting. The court actually made an accounting reconciling the conflicting testimony as best it could. We need not cite authorities upon the point that in such case the judgment in this court must support the finding of the trial court.

The plaintiff is not appealing from any of the adverse rulings under the cross-complaint. We need not, therefore, discuss the evidence further.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 4, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 4, 1931.